UNITED STATES DISTRICT COURT            1:22-cv-02195-JPO
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CLARENCE ROUSE,

                           Plaintiff,            **FIRST AMENDED COMPLAINT**

     -against-

                                                            **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
POLICE OFFICER CHRISTOPHER LOPEZ SHIELD # 017692
and POLICE OFFICER STEVEN LOPEZ SHIELD # 011248
the two individual officers are sued in their capacity as individuals,
                               Defendants.
----------------------------------------------------------------X

       Plaintiff Clarence Rouse, by his attorneys, the Law Office of Fred Lichtmacher P.C., complaining of the Defendants herein, respectfully alleges as follows:

       This civil rights action arises from Clarence Rouse having been subjected to a malicious prosecution and a denial of a fair trial through the actions and inactions of the Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to Plaintiff by the Fourth Amendment and the due process clause of the Fourteenth Amendment to the Constitution of the United States brought pursuant to 42 U.S.C. § 1983.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3 & 4).

4. Venue is appropriate pursuant to 28 U.S.C. §1391 (a) (1) (b) (1&2) because events forming the basis of this Complaint occurred within Bronx County.

5. This Court has supplemental jurisdiction to hear Plaintiff's New York State common law claim pursuant to 28 U.S.C. §1367.

## PARTIES

6. At all times hereinafter mentioned, Plaintiff Clarence Rouse was a resident of New York City, Bronx County and the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, Defendant the City of New York (hereinafter, "NYC") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, at all times hereinafter mentioned, Defendant NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department, hereinafter, the "NYPD".

9. Upon information and belief, at all times hereinafter mentioned, Defendants Police Officer Christopher Lopez Shield # 017692 and Police Officer Steven Lopez Shield # 011248 were acting as NYPD Officers and as state actors acting under color of law, and are sued herein in their individual capacities.

## CONDITIONS PRECEDENT

10. On October 13, 2022 Plaintiff filed a Petition in the Bronx County Supreme Court to allow him to file a late Notice of Claim.

11. On December 8, 2022 the Plaintiff's Petition was granted.

12. On December 9, 2022 the Notice of Claim was served on the Comptroller of the City of New York.

13. The Notice of Claim was in writing and sworn to by the Plaintiff, and contained the name and post office address where correspondence can be received by the Plaintiff and by Plaintiff's attorney.

14. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claim arose, and damage and injuries claimed to have been sustained.

15. To date, no hearing pursuant to 50-h Hearing has been conducted.

16. More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

17. This action for the common law cause of action for malicious prosecution is commenced within one year and ninety days after the happening of the events upon which the state claim is based and within three years of when Plaintiff's federal causes of action arose.

18. Defendant City of New York is vicariously liable to the Plaintiff for the individual Defendants' common law torts via the principle of *respondeat superior*.

19. New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## NATURE OF CLAIM

20. On August 11, 2013 at approximately 2:30 am in the vicinity of East 169th Street and Teller Avenue in the Bronx, Plaintiff went out to purchase juice for his smallest child.

21. The Defendants, Police Officers Steven Lopez and Christopher Lopez were in an unmarked police vehicle and in plain clothes.

22. A call had come over the radio about a shooting which resulted in no one being shot.

23. The Defendant officers were on patrol assigned to the anticrime unit in the 46th precinct.

24. Without either Steven Lopez or Christopher Lopez identifying themselves as police officers, Defendant Christopher Lopez drew a gun on the Plaintiff scaring him and he began to run.

25. Defendants tackled Plaintiff, handcuffed him, and beat him including pistol whipping him

on his head causing him serious injuries.

26. Defendants placed the injured Plaintiff in their car and brought him to North Central Hospital in the Bronx where he was treated with staples to his head for the injuries the Defendants had gratuitously inflicted on him.

27. The call which had come over the radio described a man markedly different in appearance than the Plaintiff.

28. Plaintiff did not match the shooter's description in several regards, except for his being a black male with a bald head.

29. The call received reported a shooter approximately twenty-five (25) years of age, and clean shaven and Mr. Rouse was thirty-nine (39) at the time, and he had facial hair and several distinguishing features not reported by the person who called in the shooting.

30. After the Defendants saw the serious injuries they had inflicted on Mr. Rouse, they falsely claimed Mr. Rouse was the shooter and that they had actually seen him shooting a gun which is a complete fiction.

31. Defendant Christopher Lopez generated a fictitious felony complaint accusing the Plaintiff of having violated PL § 265.03(3) criminal possession of a weapon in the second degree; PL § 265.03(1)(b) criminal possession of a weapon in the second degree; PL § 120.25 reckless endangerment in the first degree; PL § 265.02(1) criminal possession of a weapon in the third degree; PL § 120.20 reckless endangerment in the second degree; PL § 265.01(1) criminal possession of a weapon in the fourth degree; and A.C. § 10-131(1) (3) possession of ammunition.

32. The two Defendants who jointly arrested the Plaintiff allegedly recovered a gun from

somewhere on the street, but never did they have the gun which they claimed belonged to the Plaintiff, dusted for fingerprints.

33. The two Defendants never requested that DNA testing be performed to show the Plaintiff did or did not handle the gun.

34. The two Defendants never requested Mr. Rouse be tested for gunshot residue, despite Plaintiff being in custody from shortly after the shooting.

35. The two Defendants met with Bronx Assistant District Attorneys and supplied them with fictitious information and withheld, by not generating, potentially exculpatory evidence leading directly to the Plaintiff's indictment and conviction.

36. In short, the only evidence allegedly connecting Mr. Rouse to the crime, were the fictitious allegations brought by the Defendants, Police Officers Christopher Lopez and Steven Lopez and both of the Defendants have been the subjects of prior judicial determinations in which each officer was found to have given unreliable testimony.   (People v Rouse, 34 NY3d 269, 275 [2019]).

37. Both Defendants generated paperwork forwarded to the District Attorney and both communicated further with the DA prior to the grand jury being convened.

38. The Defendants did not follow NYPD protocols in failing to dust for fingerprints, failing to swab for DNA, and in failing to have gunshot residue testing performed.

39. As a result, exculpatory evidence was effectively destroyed due to the Defendants' actions and inactions, and such actions and inactions were intended to, and did in fact, cover up the severe beating and illegal arrest of an innocent man.

40. Premised on a fictitious criminal complaint sworn to by Defendant Christopher Lopez and

the potentially exculpatory evidence not being preserved due to the Defendants' intentional actions and inactions, Mr. Rouse was indicted on the false charges.

41. With all the exculpatory evidence destroyed, hidden or never generated, and with the two Defendant officers testifying dishonestly, Rouse was convicted after a jury trial, of attempted murder in the second degree, criminal use of a firearm in the first degree and two counts of criminal possession of a weapon in the second degree, and he was sentenced to an aggregate term of 18 years.

42. Ultimately, Mr. Rouse's conviction was reversed by the New York State Court of Appeals on November 25, 2019. (People v Rouse, 34 NY3d 269, 273 [2019]).

43. Not until February 3, 2020 was the Plaintiff released from jail.

44. Just prior to Mr. Rouse's release he was brought to Rikers Island.

45. A new trial was ordered however the Office of the Bronx County District Attorney, after numerous appearances, never was ready for trial, nor did that office respond to the motions brought by Plaintiff's defense counsel to dismiss the charges.

46. After his release on February 3, 2020 Mr. Rouse was forced to appear in court to continue to defend against the false charges.

47. Mr. Rouse appeared in criminal court on 2/3/20, 2/7/20, 2/18/20, 3/19/20, 3/30/20, 5/12/20, 6/2/20, 9/1/20, 10/13/20, 12/1/20, 2/9/21, 3/16/21, 4/23/21, 5/7/21, 6/1/21, 7/1/21, 7/6/21, 7/9/21, 9/10/21, 9/24/21, 10/5/21, 12/1/21, 12/17/21, 2/8/22 and on 2/18/22 when the case was finally dismissed.

48. The Court sealed the false charges on 3/21/22.

49. Mr. Rouse was incarcerated from August 11, 2013 continually through February 3, 2020 due

solely to the false charges brought by the Defendants and he was subjected to 25 subsequent forced court appearances, also due to the Defendants' false statements and failure to preserve exculpatory evidence, before the false charges were dismissed and then sealed.

50. Notably, the person who reported the gun being fired never identified Mr. Rouse as the shooter.

**AS AND FOR A FIRST CAUSE OF ACTION
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
MALICIOUS PROSECUTION AGAINST DEFENDANTS
CHRISTOPHER LOPEZ AND STEVEN LOPEZ**

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

52. Plaintiff's rights have been violated pursuant to the Fourth Amendment to the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that Plaintiff was unlawfully subjected to a malicious prosecution by the Defendants.

53. The Defendants alone caused a criminal action to be commenced against Mr. Rouse, the type of termination of the criminal proceeding is such as to allow him to proceed with his malicious prosecution claim, the prosecution was initiated with a lack of probable cause, and the proceedings were initiated with actual malice.

54. As a result of the Defendants' illegal actions, Mr. Rouse spent close to seven years incarcerated, he was subjected to 25 forced court appearances over a more than two year period, he was denied the opportunity to be with his family, he was pecuniarily harmed, he was denied the right to enjoy the freedoms other citizens enjoy, and he was otherwise

harmed.

55. By reason of the aforesaid, the Plaintiff has been damaged in a sum of not less than SEVEN MILLION ($7,000,000.00) DOLLARS; Plaintiff is entitled to an award of punitive damages; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION
VIOLATION OF THE DUE PROCESS CLAUSE OF
THE FOURTEENTH AMENDMENT i.e., DENIAL OF
A FAIR TRIAL DUE TO THE INDIVIDUAL DEFENDANTS'
FABRICATION OF EVIDENCE AND
BY THEIR FAILURE TO PRESERVE EXCULPATORY EVIDENCE**

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

57. Plaintiff's rights have been violated pursuant to the due process clause of the Fourteenth Amendment via the Defendants' fabricating evidence and intentionally failing to preserve exculpatory evidence.

58. As a result of the Defendants' illegal actions, Mr. Rouse spent close to seven years incarcerated, he was subjected to 25 forced court appearances over a more than two year period, he was denied the opportunity to be with his family, he was pecuniarily harmed, he was denied the right to enjoy the freedoms other citizens enjoy and he was otherwise harmed.

59. By reason of the aforesaid, the Plaintiff has been damaged in an a sum of not less than SEVEN MILLION ($7,000,000.00) DOLLARS; Plaintiff is entitled to an award of punitive damages; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST THE CITY OF NEW YORK
PURSUANT TO MONELL**

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

61. Plaintiff's rights have been violated pursuant to the Fourth Amendment and the due process clause of the Fourteenth Amendment via the Defendant NYC due to its retaining and failing to retrain the Defendant officers after being made aware of their dishonesty, and more specifically, their tendency to allow their dishonesty to interfere with the proper execution of their jobs.

62. Defendant NYC by failing to retrain the Defendants herein facilitated and caused the violations of Plaintiff's rights articulated *supra*.

63. "Judge Koeltl... suppressed evidence based on a finding that Officer Steven Lopez's testimony regarding a search and seizure was not credible." United States v. Russel, No. 11 Cr. 312, Decision Transcript at 9-10 (November 9, 2011)"

64. In U.S. v. Williams, 11 Cr. 228 (S.D.N.Y. Nov. 21, 2011) Judge Sweet found that both Steven Lopez and Christopher Lopez were not credible.

65. Steven Lopez has acknowledged being involved in the notorious ticket fixing scandal in the Bronx and pursuant to Honorable Judge Sweet, Steven Lopez gave at least three different version of the facts in that matter in his testimony in U.S. v. Williams, 11 Cr. 228 (S.D.N.Y. Nov. 21, 2011).

66. The two Defendants in the instant matter continued in their persistent manner of being disingenuous with court related proceedings, in generating a false felony criminal complaint, in failing to preserve and possibly even by destroying exculpatory evidence, and by meeting with Assistant District Attorneys and supplying false information all of which contributed

to Plaintiff's ultimately reversed conviction.

67. The City was aware of the Defendants' predispositions for dishonesty yet failed in its obligation to the public to retrain and/or dismiss these officers which led directly to the violations of Plaintiff's rights.

68. As a result of the Defendant NYC failing to take action curtailing the Defendant Officers' illegal actions, Mr. Rouse spent close to seven years incarcerated, he was subjected to 25 forced court appearances over a more than two year period, he was denied the opportunity to be with his family, he was pecuniarily harmed, he was denied the right to enjoy the freedoms other citizens enjoy and he was otherwise harmed.

69. By reason of the aforesaid, the Plaintiff has been damaged in an a sum of not less than SEVEN MILLION ($7,000,000.00) DOLLARS; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
### VIA THE INDIVIDUAL DEFENDANTS' FAILURE TO INTERVENE

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

71. Plaintiff's rights have been violated via a malicious prosecution and the denial of a fair trial by the Defendants who failed to intervene to prevent each other from committing the constitutional violations committed in their presence.

72. Law enforcement officials have an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in [their] presence by other officers, and by the Defendants in this matter failing to intervene Plaintiff's rights were violated.

73. As a result of the Defendants' illegal actions, Mr. Rouse spent close to seven years incarcerated, he was subjected to 25 forced court appearances over more than a two year period, he was denied the opportunity to be with his family, he was pecuniarily harmed, he was denied the right to enjoy the freedoms other citizens enjoy and he was otherwise harmed.

74. By reason of the aforesaid, the Plaintiff has been damaged in an a sum of not less than SEVEN MILLION ($7,000,000.00) DOLLARS; Plaintiff is entitled to an award of punitive damages; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### VIA MALICIOUS PROSECUTION AGAINST DEFENDANT NYC

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

76. Plaintiff's rights have been violated under the common law of the State of New York in that Plaintiff was unlawfully subjected to a malicious prosecution by agents and employees of Defendant NYC.

77. The agents and employees of NYC alone caused a criminal action to be commenced against Mr. Rouse, the type of termination of the criminal proceeding is such as to allow him to proceed with his malicious prosecution claim, the prosecution was initiated with a lack of probable cause, and the proceedings were initiated with actual malice.

78. As a result of the illegal actions of the agents and employees of NYC, Mr. Rouse spent close to seven years incarcerated, he was subjected to 25 forced court appearances over more than a two year period, he was denied the opportunity to be with his family, he was pecuniarily

harmed, he was denied the right to enjoy the freedoms other citizens enjoy, and he was otherwise harmed.

79. By reason of the aforesaid, the Plaintiff has been damaged in an a sum of not less than SEVEN MILLION ($7,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff demands judgment against the Defendants and each of them, as follows:

1. Declaratory relief finding that Plaintiff's rights under the United States Constitution and pursuant to the common law of New York State were violated;

2. Compensatory damages to Plaintiff in the sum of not less than SEVEN MILLION ($7,000,000.00) DOLLARS;

3. By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual Defendants in an amount to be determined by the trier of fact;

4. An award to Plaintiff of the costs and disbursements herein;

5. An award of attorneys' fees pursuant to 42 U.S.C. §1988 for Plaintiff's federal causes of action; and,

6. A trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
January 17, 2023

                                                          /s/
                                  FRED LICHTMACHER FL-5341
                                  The Law Office of Fred Lichtmacher P.C.
                                  Attorney for Plaintiff

Clarence Rouse
116 West 23rd Street Suite 500
New York, New York 10011
(212) 922-9066
empirestatt@aol.com

The City of New York, PO's Christopher Lopez and Steven Lopez
NYC Corporation Counsel
100 Church Street
New York, New York 10007