UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CLARENCE ROUSE,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER CHRISTOPHER LOPEZ SHIELD # 017692 and POLICE OFFICER STEVEN LOPEZ SHIELD # 011248, the two individual officers are sued in their capacity as individuals,

                              Defendants.

**ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

22-CV-02195 (JPO)

------------------------------------------------------------------------ X

        The Court orders the following protocol for conducting depositions by remote means in the above-captioned action:

        1.    Depositions shall be conducted remotely using videoconference technology.

        2.    The Party who noticed the deposition shall arrange the court reporting and remote deposition service provider, and an employee of said service provider may attend the remote deposition to troubleshoot any technological issues that may arise and to administer virtual breakout rooms, if necessary.

        3.    The transcript of the remote deposition may be used at a trial, hearing and other proceedings, to the same extent that an in-person deposition may be used. The Parties shall not object to the use of the transcript of such deposition on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent, court reporter, and counsel for any Party may each participate in the videoconference deposition remotely and separately. Each person attending a deposition shall be visible to all other participants at all times while the deponent is testifying on the record, their statements shall be audible to all participants, and they should each strive to ensure that their environment is free from noise and distractions. The deponent may not use a virtual background.

5. Consistent with Local Rule 30.4, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with the deponent while a question is pending. For purposes of determining whether a privilege should be asserted, the deponent and his/her attorney can request a break.

6. During breaks in the deposition, the Parties may use the breakout room feature provided by the service provider (if one was created), which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the service provider prior to the deposition and be controlled by the service provider.

7. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3) but, the court reporter need not be physically present with the individual whose deposition is being taken. The Parties shall not challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

8. Only the court reporter may stenographically record the testimony, and the court reporter's transcript shall constitute the official record. Any audio or audiovisual recording

made by the court reporter is solely for review by the court reporter to improve the accuracy of any written transcript. Any such audio or audiovisual recording shall not be admissible at trial and will not be deemed to be an official record.

9. The court reporter is an "officer" as defined under Rule 28 of the Federal Rules of Civil Procedure, and shall be permitted to administer the oath to the witness via the videoconference.

10. The party who noticed the deposition shall be responsible for procuring a written transcript of the remote deposition. A copy of the transcript will be provided to the deponent as required under Rule 30(e).

11. The Party who noticed the deposition shall provide the court reporting and remote deposition service provider with a copy of this Order in advance of the deposition.

12. Depositions may be video-recorded for use at a trial, hearing and other court proceeding by a licensed videographer. The videographer shall be sworn in by the court reporter to record all the proceedings accurately, completely and in confidence. Prior notice consistent with Rule 30(b) must be timely served in advance of the deposition. The noticing party bears the video-recording costs. Video-recorded depositions will be conducted pursuant to the requirements of Rules 30(b)(5)(A) and 30(b)(5)(B) of the Federal Rules of Civil Procedure

13. The deponent shall endeavor to have technology sufficient to appear for a video-conference deposition (e.g. a webcam and computer with audio), and bandwidth sufficient to sustain the remote deposition. The Parties shall work collaboratively and in good faith with the service provider to assess each deponent's technological abilities and to troubleshoot

any issues. The Parties also shall work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants, or where the participants cannot hear or understand the deponent.

14. This Order applies to remote depositions of non-parties under Rule 45 of the Federal Rules of Civil Procedure and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party or to the unrepresented deponent in a reasonable time before the deposition.

15. Exhibits will be used during the deposition in such a manner that permits all attorneys of record, the deponent, and the court reporter the ability to fairly and fully view such exhibits in order to identify the exhibits on the record and to question the deponent about them.

16. Any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods: (i) Counsel may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, and the court reporter. Counsel for the deponent and the court reporter shall confirm receipt of the .zip file by electronic mail to counsel taking the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic mail immediately prior to the commencement of the deposition; or (ii) counsel may introduce exhibits electronically during the deposition by using the service provider's document-sharing technology, using the screen-

sharing technology or providing downloadable documents using the chat feature within the video-conferencing platform, or by sending the exhibit to the deponent and all individuals on the record, and the court reporter, via electronic mail.

17. This Order shall be binding upon the parties and their attorneys.

SO ORDERED.
Dated: 2/28/2023
New York, NY

_____
J. PAUL OETKEN
United States District Judge

SO ORDERED:

_____

HON. J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

Dated: _____, 2023